The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: " 1. Citing 40 O.S. 52 [40-52](g) (1979) In a situation where an employment agency deals strictly with employer paid fee situations and the applicant is never responsible for a placement fee, is this type of employment agency required to be licensed under Oklahoma law? " 2. Citing 40 O.S. 54 [40-54](a) (1977) In a situation wherein the employer is to pay the fee of the applicant to the employment agency, does the statute require all three parties to be signator to the agreement? " 3. Citing 40 O.S. 55 [40-55](b) (1977) In an employer paid fee situation, if an employee terminates within the definition of temporary employment, is the employment agency required to refund a portion of the fee back to the employer. If your answer is affirmative, does this Department have the authority to assist the employer by making demand to the agency ?" Your first question is addressed to the situation wherein an employment agency contracts exclusively with the employer. The employee-applicant is never responsible for the payment of a placement fee. Is the employment agency required to be licensed? Title 40 O.S. 53 [40-53](a) (1974), prohibits any person from opening, operating or maintaining an employment agency in this State without having first procured a license from the Commissioner of Labor. Title 40 O.S. 52 [40-52](g) (1971) defines "Private Employment Agency" as follows: "any person, firm or corporation who, for a fee, (1) procures or offers or attempts to procure employees for persons seeking the service of employees, or employment for persons seeking employment; or (2) who, in seeking to perform any of the foregoing, gives information by any means as to where employees or employment may be obtained; . . ." It is sufficient that valuable consideration be received for the procurement, offer or attempt to procure employees or employment, or for the giving of information by any means as to where employees or employment may be obtained. Limiting communications, promises and agreements to prospective employers does not remove a person, firm or corporation from the statutory definition. Whether the employer or the applicant has primary or exclusive responsibility for payment of the placement fee is irrelevant to this definition. It matters only that a thing of value be paid or promised for services within the scope of 40 O.S. 52 [40-52](g). Your second question is addressed to the situation wherein the employer agrees to pay the fee of the employee-applicant to the employment agency, and the employment procured pays gross compensation of $500 or more per month. Title 40 O.S. 54 [40-54](a) (1977), requires that the fee "be determined by written agreement." Is the employee-applicant required to manifest assent by signing the written agreement in addition to the employer and the employment agency? 40 O.S. 54 [40-54](a) specifies the maximum service fees for helping to secure permanent employment. It provides in pertinent part as follows: "The service fee charged for helping to secure permanent employment shall be not to exceed the following schedule: fifteen percent (15%) of the first full month's gross compensation if the position pays Seventy-nine dollars and ninety-nine cents ($79.99) or less; twenty percent (20%) of the first full month's gross compensation if the position pays Eighty Dollars ($80.00) through One Hundred Nineteen Dollars and ninety-nine cents ($119.99); . . . for procuring employment paying gross compensation of Five Hundred Dollars ($500.00) or more per month, the fee shall be determined by written agreement between all parties concerned . . . ." Emphasis added Where the gross compensation per month is less than $500, the service fee charged for helping to secure permanent employment shall not exceed any of the percentages specified in 40 O.S. 54 [40-54](a) for the respective amounts of the first month's gross compensation stated. Where the employment procured pays gross compensation of $500 or more per month, the statute requires that the fee be determined by written agreement "between all parties concerned," rather than specifying a statutory percentage. That language particularly includes the applicant who seeks employment through agency services. Your third question is addressed to the situation wherein the employer agrees with the employment agency to pay the agency fee, and immediately advances payment of the said fee. Thereafter, the applicant-employee terminates employment during the period of time defined in 40 O.S. 55 [40-55](b) (1974) as "temporary employment." Is the employment agency required to refund that portion of the fee advanced which constitutes an over-payment? If so, does the Department of Labor have the authority to make demand upon the employment agency to refund the amount of such overpayment? "Temporary Employment" includes any period of employment terminating at any time within sixty (60) days from the date of employment. Title 40 O.S. 55 [40-55](b) (1974), provides that where permanent employment is terminated within the period of temporary employment: "every employment agency shall give to every person from whom an overpayment of fee has been received, if requested within six (6) months of such termination, a refund in the amount of such overpayment, . . ." The word "person" includes every individual, corporation, partner ship and every other legal entity. 40 O.S. 55 [40-55](b) requires that the employment agency refund the full amount of the overpayment "to every person" from whom an overpayment has been received. That includes the employer. Title 40 O.S. 57 [40-57] (1974), imposes upon the Commissioner of Labor the duty to enforce the provisions of 40 O.S. 52 [40-52] et seq. (1971). Failure on the part of an employment agency to comply with 55(b) constitutes a violation of the act which falls within the purview of the Commissioner's responsibility. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. A private employment agency includes any person, firm or corporation who, for a fee, procures or offers or attempts to procure employees for persons seeking the service of employees, or employment for persons seeking employment; or who, in seeking to perform any of the foregoing, gives information by any means as to where employees or employment may be obtained. 2. The prohibition of 40 O.S. 53 [40-53](a) (1974), is not avoided where the fee of any aforesaid person, firm or corporation is to be paid by the employer. 3. The language of 40 O.S. 54 [40-54](a) (1977), specifying the maximum service fees for helping to secure permanent employment and stating that where the employment procured pays gross compensation of $500 or more per month the fee shall be determined by written agreement between all parties concerned, embodies a requirement that, in addition to the employer and the employment agency, the employee-applicant manifest assent to the written agreement. 4. Title 40 O.S. 55 [40-55](b) (1974), requires that employment agencies give to any employer from whom an overpayment of fee has been received, if timely requested by the employer, a refund in the amount of such overpayment. 5. Noncompliance with 40 O.S. 55 [40-55](b) (1974), falls within the orbit of the enforcement responsibilities of the Commissioner of Labor. (JOHN PAUL JOHNSON) (ksg)